Mr. Justice Wylie
delivered the opinion of the court:
This is an action brought by lessors against a lessee, on the covenants of the latter to pay rent, taxes, and to put and keep the premises in a certain condition of repair.
The lease declares as follows: “ This indenture made, &c., between P. D. Gurley, Charles Stott, Wm. McLean, Will. L. Waller, Jas. P. Tustin, P. A. Tscheffeley, and John M. McCalla, acting as a church-extension committee, by authority and on behalf of the General Assembly of the Presbyterian Church, Old School, of the first part, and Wm. Rutherford, of the second part, all of the city of Washington, D. C., witnesseth.”
The lease was for five years, from the 1st day of February, 1864, at a rent of $500 a year, payable half yearly to the lessors, their successors or assigns, and contained a covenant *8 on the part of the lessee to pay the rent, as well as all taxes and assessments, and to put in repair a building on the premises which had been falling into decay; and at the expiration of the term, “ to surrender, and- deliver up the possession of said premises to the said parties of the first part, their successors or assigns.”
It contains the stipulations, also, to be observed by the lessee, which are not material in this controversy.
A lease of real estate which sets out on its face that the lessor has no interest of his own in the 'Subject, but that he assumes to act in the matter on behalf of the owner, who is named, but which contains reciprocal covenants to be performed by the parties respectively, one of which is a covenant on the part of the lessee to pay the rent to the lessor,, as in his own right, and which is executed by the parties in the usual form, as between individuals contracting in reference to their own property, is a nullity. It is a nullity as to the owner because it is not his contract; it is a nullity as to the lessor because he has no estate in the property ,• and it is. a nullity as to the lessee because it is not binding on the other side. And that was the contract in the present case. The owner, it is true, might maintain his action against the tenant in such a case for use and occupation, but-not on this contract. The rule that a tenant shall not be allowed to dispute his landlord’s title has no application to such a case. The tenant himself is thus estopped, but others are not. If the lessor himself shows that he had no title, or if the tenant be evicted by a paramount title, or if the lessor’s estate have come to an end before the expiration of the term, the rule does not apply. To say that the tenant is estopped from setting up a defense which is valid on the very face of his lease, would be estoppel reversed.
In Frontin vs. Small, Ld. Raym. R., 1418, the lease was made by an agent in his own name, but the rent was to be paid to the owner. The rent being in arrear, the agent sued the tenant on his covenant to pay; and defendant demurred to the declaration for the reason that it appeared on the face of .the contract that the agent was not the owner of the.property, and therefore the lease was void. For the plaintiffs it was argued that the lease being under seal the tenant was *9 estopped to deny its validity. But the court held that the lease was void on its face because it showed that the lessor had no interest in the land, and could not be upheld even by the covenant that the rent was to be paid to the owner. (See Selw. N. P., 539, 540.) And in 2 Kent’s Com., it is laid down that an “ attorney who executes a power, as by giving a deed, must do it in the name of his principal, for if he executes it in his own name, though he describes himself to be the agent or attorney of his principal, the deed is held to be void; and the attorney is not bound, even though he had no authority to execute the deed, when it appears on the face of it to be the deed of his principal,” citing many authorities.
It may seem inequitable that a tenant who has entered into and enjoyed the use of property under a lease like the one now in question should not be obliged to comply with his covenants. This argument was urged by plaintiff’s counsel in the case of Frontin vs. Small. Brit the court held “that it appearing on the declaration that the lease was void because it was not made in the name of James Frontin, whose house it appeared to be, and that the plaintiff ouly made it as his attorney, there could be no estoppel; and then the covenant to pay the rent was void, and the plaintiff could not maintain the action.”
In Croade vs. Ingraham, 13 Pickering, 35, Shaw, C. J., said: "Nor does the doctrine of estoppel, or the maxim of nil habuit in tenementis, apply. Here it appears on the face of the instrument itself, that the plaintiff intended to transfer to Jabel Ingraham, by the instrument called a lease, all the right which she had to have dower assigned to her; and it is a general rule governing the doctrine of estoppel, that where the truth appears on the face of the instrument itself, upon which the estoppel is alleged to arise, no estoppel is wrought as to the fact thus appearing.”
In the present case the record shows that the plaintiffs were not even vested with the legal estate in the property which they undertook to demise. They were simply agents, “ acting as a church-extension committee by authority and on behalf of the General Assembly of the Presbyterian Church, Old School.” The contract, on its face, shows that they were a committee only, acting on behalf of a principal, whose name *10 is set out, and to whom the property belonged. It is said, however, that the Presbyterian Church, although a body constituted of many members residing in all parts of the country, is not a corporate body, and, in matters of this character, is obliged to employ the agency of committees. That may be true; and, if so, the church, eo nomine, could not maintain any action in court. But the title to this property must have been vested, at the time this contract was entered into, in some one or more persons in trust for the church; otherwise the instrument in question would be doubly void, showing that the plaintiffs had no title themselves, and were representing a body of men who could have none.
But, in fact, it was shown, at the trial in the circuit court, as well as on the argument in this, that a corporation exists under an act of the legislature of Pennsylvania, consisting of trustees empowered to hold the title and manage the temporalities of the whole church, wherever the property may be situated. This corporation is styled “ The Trustees of the General Assembly of the Presbyterian Church in the United States of America.” The act incorporating this body, to be sure, contains a limitation as to the amount of property which these “ trustees ” are authorised to hold in trust for the church; and ii that limitation had been already reached, it may have become necessary that private trustees should be appointed by the church to receive the conveyance of other property for its use. How the fact was in this respect, as to the present case, does not appear. But in either of these aspects, the action should have been brought by some other party than these plaintiffs.
Had the instrument of demise in question been silent as to the agency of the lessors, the defendant might have been es-topped to deny their title, on his own liability to them under the contract. As it is, the doctrine of estoppel operates against them, and not against the defendant.
These considerations dispose of the present action under well-settled principles of special pleading, which we are not at liberty to disregard without disturbing the whole order and consistency of that branch of the law, and unsettling principles which are necessary for the protection of rights themselves.
*11 The other matters of defense of a less technical character, including the payment of $500 to one of these plaintiffs for compromise of this claim, it is unnecessary to pass upon.
The judgment should be reversed and judgment entered for the defendant, non obstante veredicto.